UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-536-FDW
(3:04-cr-39-FDW-7)

| | |
|---|---|
| ROBERT MICHAEL JORDAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 will denied and dismissed.

## I. BACKGROUND

On February 25, 2004, Petitioner and others were charged in a multi-count Indictment within the Western District. (3:04-cr-39, Doc. No. 3). The Government filed a notice pursuant to 21 U.S.C. § 851 of Petitioner's prior conviction for felony possession with intent to sell/deliver cocaine, sustained in state court in North Carolina in 1991. By this notice, the Government informed Petitioner that it would seek enhanced penalties based on this prior felony drug conviction. (Doc. No. 9). Petitioner was appointed counsel and later agreed to enter into a Plea Agreement wherein he would plead guilty to Count One of the Indictment in return for the Government's agreement to dismiss the remaining count against him. (Doc. No. 187: Plea Agreement). On December 21, 2004, Petitioner's plea of guilty to Count One was accepted by the magistrate judge and the United States Probation Office prepared a presentence investigation report ("PSR") in anticipation of Petitioner's sentencing hearing.

The PSR identified the prior state felony drug conviction of possession with intent to deliver cocaine and noted that Petitioner was sentenced to a 3-year term of imprisonment, which was suspended, and a 3-year term of supervised probation. The PSR further noted that Petitioner's probation had been revoked for absconding and his 3-year sentence was activated although Petitioner was paroled after only four months of incarceration. (Doc. No. 277: PSR ¶ 45).

On August 15, 2005, Petitioner was sentenced to an active term of incarceration of 240 months for Conviction on Count One and a 10-year term of supervised release. (Doc. No. 230: Judgment in a Criminal Case at 2-3). Petitioner noted a timely appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 236). On appeal, the Court upheld Petitioner's conviction and sentence in its entirety. United States v. Jordan, 205 F. App'x 975 (4th Cir. 2006) (unpublished). Petitioner did not file for collateral relief until he filed the present Section 2255 petition.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Petitioner has not requested an evidentiary hearing to resolve the claims raised in his Section 2255 motion, and after having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner contends that the Fourth Circuit's ruling in United States v. Simmons, 649

F.3d 237 (4th Cir. 2011), demonstrates that his prior state felony drug conviction did not qualify him for the Section 851 sentencing enhancement. Petitioner argues that reliance on the prior conviction, for which he did not serve more than one year in prison, "ballooned [his] imprisonment time from 120 months to 240 months." (3:12-cv-536, Doc. No. 1 at 15). Because recent Fourth Circuit law forecloses this argument, the Court will deny Petitioner's Section 2255 petition.

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense under the [Controlled Substances Act], the individual defendant must have been convicted of an offense for which they could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. Simmons overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which provided that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner was convicted and sentenced for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (3:04-cr-39, Doc. No. 230: Judgment at 2). Petitioner was found responsible for between at least 150 grams but less than 500 grams of cocaine base. (PSR ¶ 34). The sentencing provisions applicable to Petitioner's Section 841(a) conviction provide that without a prior felony drug conviction, a defendant is subject to a mandatory minimum term of ten years imprisonment and not more than life. A prior felony drug conviction which has become final provides for a mandatory minimum term of 20 years imprisonment to life. 21 U.S.C. § 841(b)(1)(A) (2006). There is no dispute that Petitioner's felony state drug conviction was final at the time of sentencing and Petitioner does not contend

that the conviction has been overturned or vacated.

Petitioner's contention that he was erroneously sentenced because he only served four months of imprisonment on his felony state drug conviction is misguided and contorts the holding in Simmons. The question to be resolved in applying Simmons is whether Petitioner was convicted of a crime for which he could have received in excess of one year. Petitioner was clearly subject to a term of incarceration in excess of one year for conviction on his felony state drug offense as he received a 3-year term of imprisonment, which was suspended, and later the 3-year term was activated based on Petitioner's violation of his supervised probation. That he only served four months and then was paroled is of no moment. See United States v. Thompson, __ F. App'x __, 2012 WL 1592991, at *1-3 (4th Cir. 2012) (unpublished) (holding that even though the defendant received suspended sentences for previous convictions, the "North Carolina 1998 and 2000 breaking and entering convictions likewise qualify as predicate felony offenses, as [defendant] personally, not merely a hypothetical defendant, was subject to a maximum term of imprisonment in excess of one year.").

Moreover, Petitioner's sentence of 240 months and 10-year term of supervised release, even without consideration of the prior conviction, was within the statutory maximum, limiting this Court's ability to review the sentence in a 2255 motion. Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or **that the sentence was in excess of the maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(emphasis added).

Because Petitioner's term of 240 months was well within the authorized maximum,

Petitioner is not entitled to relief in this Section 2255 proceeding. See United States v. Powell, __ F.3d __, 2012 WL 3553630, 2012 U.S. App. LEXIS 17485, at *1-2 (4th Cir. 2012) (finding that Powell's challenge to his twenty year term of imprisonment following notice of a Section 851 sentencing enhancement failed). Powell argued that his North Carolina state drug offense did not expose him to a sentence in excess of one year. The Court found that Powell's sentence should be upheld, notwithstanding the presence of the Section 851 notice, because Powell still received a sentence that was within the maximum under § 841(b)(1)(A), namely, less than life imprisonment.

### IV. CONCLUSION

Based on the foregoing reasons, the Court concludes Petitioner's sentence of 20 years was within the statutory maximum and therefore he is not entitled to relief in this Section 2255 proceeding.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**. (3:12-cv-536, Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a

debatably valid claim of the denial of a constitutional right).

Signed: September 25, 2012

Frank D. Whitney
United States District Judge